UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIDURRIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01896-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS VIDURRI AND MARTINEZ<br><br>[ECF No. 1] |

　　　　Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on December 1, 2014.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 15, 2014.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On May 1, 2014, Plaintiff was taken to an outside medical facility in an ADA van. Correctional officer Vidaurri was present when Plaintiff arrived at the hospital in the ADA van and assisted Plaintiff is getting out of the van because the lift to the van broke. The doctor ordered that Plaintiff return the following day to "find out what the black spot on my lung is."

On May 2, 2014, correctional officer Vidaurri went to Plaintiff's building to take Plaintiff to the outside medical appointment. Vidaurri noticed that Plaintiff was in a wheelchair and told Plaintiff that if he could not go up and down the stairs to the van he would not take him to his medical appointment and Plaintiff would be required to sign a refusal of treatment.   Although Plaintiff did not refuse treatment he was required to sign a refusal form.

Plaintiff informed Vidaurri that he it was necessary for him to go to his medical appointment because for examination of his lung, and Vidaurri stated "I know I have your paper work but if

1  you['re] not going to go up and down the stairs to the van I'm not taking you."  Plaintiff contends that
2  Vidaurri was merely motivated by a desire to not do his job by acquiring the ADA van to take Plaintiff
3  to his medical appointment.
4        In May 2014, Plaintiff developed breathing problems and was taken to the hospital for
5  emergency breathing treatment.  Dr. Alphonso informed Plaintiff that if he had not previously refused
6  treatment, he would not have developed the breathing problems.
7        On May 12, 2014, Sergeant Martinez called Plaintiff to the program office regarding the
8  inmate appeal Plaintiff filed against Vidaurri.  Sergeant Martinez advised Plaintiff that he was not
9  going to do anything to Vidarurri and asked Plaintiff to drop the inmate appeal.
10       On May 22, 2014, Plaintiff was transferred to California Medical Facility ("CMF") in
11 Vacaville.  When he arrived at CMF, Plaintiff submitted medical forms because of his breathing
12 problems.  Plaintiff was examined by Doctor Bick, who placed Plaintiff on breathing treatments three
13 times a day, use of three different inhalers, and pain medication.  Doctor Bick stated that if Plaintiff
14 had been sent out for medical attention previously he would have the medical problems.

### III.
### DISCUSSION

**A.   Supervisory Liability**

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden J. Medina.  The only basis for such a claim would be respondeat

1  superior, which is precluded under section 1983.  Accordingly, Plaintiff fails to state a cognizable
2  claim against Warden Medina.

    **B.**  **Deliberate Indifference to Serious Medical Need**

  While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

  Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable claim for deliberate indifference in violation of the Eighth Amendment action Defendants Vidaurri and Martinez.

## IV.

## CONCLUSION AND ORDER

  Plaintiff's complaint states a cognizable claim against Defendants Vidaurri and Martinez for deliberate indifference in violation of the Eighth Amendment.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for deliberate indifference against Defendants Vidaurri and Martinez, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Vidaurri and Martinez for deliberate indifference to a serious medical need; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 6, 2015**

UNITED STATES MAGISTRATE JUDGE