1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   TYRONE THOMPSON,                   )   Case No.: 1:14-cv-01896-LJO-SAB (PC)
                                         )
12              Plaintiff,              )
                                         )   FINDINGS AND RECOMMENDATION
13        v.                            )   REGARDING DEFENDANT MARTINEZ'S
                                         )   MOTION TO DISMISS
14   VIDURRIA, et al.,                   )
                                         )   [ECF No. 14]
15              Defendants.             )
                                         )
16   _____    )

17        Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                              **I.**

20                    **PROCEDURAL BACKGROUND**

21        This action is proceeding against Defendants Vidurria and Martinez for deliberate indifference

22   to a serious medical need in violation of the Eighth Amendment.

23        On June 2, 2015, Defendant Martinez filed a motion to dismiss the complaint for failure to

24   state a cognizable claim upon which relief may be granted.  (ECF No. 14.)  On this same date,

25   Defendant Vidurria filed an answer to the complaint.  (ECF No. 15.)

26

27

28

On July 6, 2015, Plaintiff filed an opposition to Defendant Martinez's motion to dismiss, and Defendant filed a reply on July 13, 2015.[1]  (ECF Nos. 20, 21.)

On August 26, 2015, defense counsel, Gabriel Ullrich appeared in person and Plaintiff appeared by telephone for oral argument on the motion to dismiss.  Having considered the parties' papers and oral argument, as well as all relevant authority, the Court recommends denial of Defendant Martinez's motion to dismiss.

## II.

## DISCUSSION

### A.    Allegations of Complaint

On May 1, 2014, Plaintiff was taken to an outside medical appointment in an ADA van. Officer Vidaurrri was present when Plaintiff arrived at the hospital in the ADA van and helped get Plaintiff out of the van because the lift to the van broke which required the officer's to carry Plaintiff out of the van.  The doctor ordered that Plaintiff return the next day in order to examine a black spot on Plaintiff's lung.

The next day, May 2, 2014, officer Vidaurri went to Plaintiff to his outside medical appointment.  Vidaurri noticed that Plaintiff was in a wheelchair and asked Plaintiff "can you go up and down the stairs to the van?"  Plaintiff stated "no," and Vidaurri told Plaintiff if he could not go up and down the stairs to the van he was not taking him to his medical appointment.  Vidaurri required Plaintiff to sign a refusal form, and although Plaintiff signed it he noted that he was not refusing to go to his outside medical appointment.  Vidaurri informed Licensed Vocational Nurse (LVN) Lemay that if Plaintiff could not walk up and down the stairs, he was not taking him to his medical appointment. Later in the month of May, Plaintiff began having breathing problems and was taken to the main hospital for emergency breathing treatment.  Dr. Alphonso told Plaintiff that if he had not refused his prior outside medical appointment, he would not be experiencing the breathing problems.

---

[1] Defendant notes that Plaintiff's opposition is untimely.  Under the mailbox rule, Plaintiff's opposition was deemed filed on June 27, 2015- four days beyond the 21 day period of time to file an opposition pursuant to Local Rule 230(l). Plaintiff's opposition will be deemed timely filed given Plaintiff's pro se status and the fact that Defendant failed to serve Plaintiff with the motion to dismiss at the appropriate address of record.  (See ECF No. 14-1.)

On that same day, May 2, 2014, Plaintiff filed an inmate appeal.  On May 12, 2014, Sergeant Martinez called Plaintiff to the program office for an interview regarding the inmate appeal relating to the actions of officer Vidaurri.  Martinez told Plaintiff he was not going to do anything to officer Vidaurri and asked Plaintiff to drop the inmate appeal.  Plaintiff told him he was not going to drop the inmate appeal against Vidaurri.

On May 22, 2014, Plaintiff was transferred to the California Medical Facility ("CMF") in Vacaville.  When Plaintiff arrived at CMF, he put in medical forms because he was having difficulty breathing.  Plaintiff was examined by Dr. Bick and was placed on breathing treatments three times a day and requires the use of three different inhalers.  Plaintiff was also sent to an outside facility to examine the black spot on his lung and was prescribed pain medication.  Dr. Bick informed Plaintiff that he would be experiencing the problems if he had previously been sent to an outside medical examination.

**B.      Prior Screening Order**

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; Nordstrom, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm, 680 F.3d at 1121); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard).  Defendants' acknowledgement that the complaint was screened is appreciated; however, they present no arguments which persuade the Court it erred in determining that Plaintiff's Eighth Amendment claims were cognizable or that any other grounds justifying relief from the screening order exist.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  As explained below, Plaintiff's allegation against Defendant Martinez are sufficient to allow him to proceed past the pleading stage.

///

3

C.      **Motion to Dismiss Standard Under Rule 12(b)(6)**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Defendant Martinez contends that the complaint "does not contain any allegations against Sergeant Martinez other than interviewing Plaintiff related to his grievance on May 12, 2014."  (ECF No. 14, Def's Mot. at 3:23-24.)  Defendant argues the interview took place more than a week after the missed medical appointment and there are no allegations that Martinez had any involvement in the May 2, 2014, transaction.

While Defendant Martinez correctly points out that he cannot be held vicariously liable or liable on a supervisory basis, a liberal construction of the allegations in the complaint set forth more

than vicarious or supervisory liability against Defendant Martinez.[2]   In his complaint, Plaintiff alleges that he filed an inmate appeal on May 2, 2014, and complained that officer Vidaurri would not take Plaintiff to his outside medical appointment if he could not walk up and down the stairs to the transportation van, and Plaintiff never refused to go to his medical appointment.  The inmate grievance was reviewed by Sergeant Martinez, and on May 12, 2014, Martinez attempted to interview Plaintiff regarding the appeal, and told Plaintiff that he was not going to do anything to officer Vidaurri and asked him to drop the inmate appeal.  Thus, at the time that Plaintiff filed his inmate appeal and was interviewed by Sergeant Martinez, Plaintiff was still requesting and seeking outside medical treatment, which could have been granted by Martinez but was not.  The fact that inmates do not have any interests at stake with respect to the appeals process so as to invoke the protection of the Due Process Clause does not shield staff from liability if their actions in reviewing an appeal are otherwise sufficient to support a claim that they were placed on notice as to the existence of a constitutional violation and failed to act to prevent it.  Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1205-1208 (9th Cir. 2011).

Defendant presented, for the first time, at oral argument, several cases which he contends support his position that involvement in a constitutional violation by way of inmate grievance cannot support liability under section 1983.  Defendant Martinez's motion to dismiss did not mention or cite such authority presented at oral argument and such practice is disfavored by the Court as the purpose of oral argument is not to present new argument that the court and opposing party is unable to adequately addressed at the hearing.

Nonetheless, at oral argument, Defendant s argued that Peralta v. Dillard, 744 F.3d 1076, 1086-1087 (9th Cir. 2014), with specific regard to Defendant Fitter strongly supported his position that denial of an inmate grievance cannot give rise to personal liability by way of section 1983.  In Peralta, Defendant Fitter, as the Chief Medical Officer, signed and denied Peralta's inmate appeal at the

---

[2] The Court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must inform the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that plaintiff can do so.  See, e.g., Lopez, 203 F.3d at 1130-1131; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

second level of review, and the Ninth Circuit found that "[t]he case against Fitter rests entirely on this signature." Peralta, 744 F.3d at 1086.[3]  However, in Peralta, unlike in this case, there was no evidence that Defendant Fitter was aware of any risk to Peralta's health or should have been aware of any risk. Id.  In this case, Plaintiff specifically alleges that Defendant Martinez interviewed Plaintiff regarding the appeal against Defendant Vidaurri for refusal to take him to an outside medical appointment which resulted in further injury, and Defendant Martinez told Plaintiff he was not going to do anything to officer Vidaurri and asked him to drop the inmate appeal.  Thus, Peralta does not answer the question of liability as alleged against Defendant Martinez in this case because based on the allegations Martinez was aware of Plaintiff's need to go to the outside medical appointment and failed to act to prevent further harm.

Furthermore, the additional cases cited by Defendant, at oral argument, likewise do not resolve the issue presented in this case and are inapposite for the reasons cited hereafter.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (grant of motion for summary judgment upheld against Defendant Walsh because "no showing by Taylor that Walsh participated in or directed any alleged actions by the prison officials which hampered Taylor's defense…. "there was no showing that Walsh knew of specific incidents of misconduct by prison officials and failed to act to prevent them."); George v. Smith, 507 F.3d 605, 609-610 (7th Cir. 2007) (the Seventh Circuit found that plaintiff failed to allege *any* constitutional violations by any prison official, much less the supervising officials that denied the administrative appeals); Grinter v. Knight, 532 F.3d 567, 575-576 (6th Cir. 2008) (the Sixth Circuit upheld the denial of plaintiff's *due process claims* against defendants who participated in the administrative grievance process in supervisory roles and noted that plaintiff "has not alleged that [defendants] Haeberlin and Ree committed any actual acts, nor has he averred that they acquiesced in the conduct of their employees."); Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (the Tenth Circuit found lack of personal participation because the only allegations related to denial of a grievance without additional factual basis to support an "affirmative link" between certain defendants and the alleged constitutional violation.)  Based on Plaintiff's allegations in the complaint against

---

[3]  In addition, the procedural posture of Peralta is distinguishable from the present case.  Defendant Fitter was granted a directed verdict (Fed. R. Civ. P. 50), after Peralta presented his case to a jury.  Peralta, 744 F.3d at 1081.

Defendant Martinez, Plaintiff has alleged more than mere denial of his inmate grievance to demonstrate an "affirmative link" between Martinez's conduct and the alleged constitutional violation by Defendant Vidaurri.   Accordingly, Plaintiff states a plausible basis for personal liability on the part of Defendant Martinez, and his motion to dismiss should be denied.[4]

**III.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Martinez's motion to dismiss be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 31, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant correctly points out that by way of Plaintiff's opposition, Plaintiff appears to also allege a retaliation claim against Sergeant Martinez.  However, there are not sufficient facts in the complaint to support such a claim and the Court's February 25, 2015, screening order found only a cognizable Eighth Amendment violation.  In addition, Plaintiff has not sought leave to amend the complaint to add such a claim, and this action is presently proceeding only on Plaintiff's claim of deliberate indifference to his serious medical needs.