UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDURRIA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01896-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR IMPOSITION OF SANCTIONS<br><br>[ECF Nos. 24, 26] |

Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has filed two separate motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF Nos. 24 and 26.) The first motion is self-dated July 25, 2015 and filed July 30, 2015, but is not signed. The supporting declaration that accompanies the motion is likewise not signed. (ECF No. 24.) The second motion, filed August 6, 2015, is identical but the motion and declaration are properly executed. (ECF No. 26.)

**I.**

**DISCUSSION**

Under Federal Rule of Civil Procedure 11, a Court to impose sanctions upon attorneys or unrepresented parties "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation…." The imposition of Rule 11 sanctions is a matter within

1

the discretion of the trial court. Fed. R. Civ. P. 11(c). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11. In addition, Federal Rule of Civil Procedure 11 also imposes a "safe harbor rule," which requires a party requesting sanctions under Rule 11 to wait 21 days between serving the opposing party and filing the motion with the Court. This allows the offending party an opportunity to correct any error. Fed. R. Civ. P. 11(c)(2).

Plaintiff seeks sanctions against defense counsel because Defendants served three documents on him at the wrong address of record: a request for an extension of time to file a responsive pleading (ECF No. 12), Martinez's motion to dismiss (ECF No. 14.), and Vidaurri's answer to complaint (ECF No. 15). Plaintiff contends that Defendants were attempting to "hoodwink" him. Plaintiff requests an award of all court costs, filing and copying fees and judgment in his favor.

Defendants submit that upon receipt of the ECF filings, defense counsel had Plaintiff personally served with the critical documents. (ECF No. 29, Declaration of Gabriel Ullrich (Ullrich Decl.) ¶ 3, Ex. A.) Defense counsel submits that Defendants' mistake as to Plaintiff's address was nothing more than a clerical error. (Id. ¶¶ 4-5.) Defendants have taken steps to make sure the mistake is not repeated. (Id. ¶ 6.)

First, Plaintiff's motion was filed in violation of the twenty-one day "safe harbor provision," a provision which is strictly enforced. Fed. R. Civ. P. 11(c)(2); Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005). Indeed, had Plaintiff complied with the safe-harbor requirement, the instant motion would not have been filed, since Defendants took immediate steps to ameliorate the situation by serving Plaintiff with the critical documents by personal service the same day Plaintiff filed his properly executed motion for sanctions. (Ullrich Decl. ¶ 3.) Further, there is no basis to find that Defendants' error in serving Plaintiff at the wrong address was intended to harass, cause unnecessary delay, or motivated by a desire to needlessly increase the costs of litigation. Upon notification of the mistake, Defendants took prompt action by serving all documents on Plaintiff at the correct address of record, and defense counsel represents that he has taken steps to ensure this mistake is not repeated. (Id. ¶ 6.)

///

2

**II.**

**ORDER**

For the foregoing reasons, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **August 31, 2015**

UNITED STATES MAGISTRATE JUDGE