UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIDURRIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01896-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR CONTEMPT OF COURT AND GRANTING DEFENDANTS' REQUEST TO EXTEND TIME TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION<br><br>[ECF Nos. 37, 38] |

　　　　Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 15, 2015, Plaintiff filed a motion for contempt of court and sanctions against the Deputy Attorney General assigned to this action and Attorney General Kamala D. Harris. (ECF No. 35.)

　　　　Defendants filed a motion to strike Plaintiff's motion on October 23, 2015. (ECF No. 38.)

**I.**

**DISCUSSION**

**A.**　　**Motion To Strike**

　　　　This action is proceeding against Defendants Vidurria and Martinez for deliberate indifference to a serious medical need for failing to transport him to a medical appointment resulting in exacerbation of Plaintiff's respiratory pathologies.

1

Plaintiff seeks to Court to hold the attorneys in contempt and impose sanctions for obtaining unauthorized discovery materials from the litigation coordinator at Prison in violation of Plaintiff's privacy rights. Plaintiff seeks, *inter alia*, declaratory relief, injunctive relief, compensatory and punitive damages.

Pursuant to Federal Rule of Civil Procedure 12(f), upon motion or sua sponte, a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation … If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." Platte Anchor Bolt, Inc. v. IHI Inc., 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted). Thus, motions to strike should only be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." Rivers v. County of Marin, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2006). Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f). Id.

When a document is stricken, it becomes a nullity and is not considered by the court for any purpose. "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." Platte Anchor Bolt Inc., 352 F.Supp.2d at 1057. A decision to strike material from the pleadings is vested to the sound discretion of the trial court. Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).

Defendants have not established that "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." Platte Anchor Bolt, Inc., 352 F.Supp.2d at 1057. Plaintiff's motion relates to discovery obtained in this action, and the Court finds that striking the motion outright would be improper. Accordingly, Defendants' motion to strike Plaintiff's motion to contempt of court and sanctions is DENIED.

**B.  Motion for Extension of Time**

Defendants submit that if their motion to strike Plaintiff's motion for contempt and sanctions, they be granted an extension of the deadline to file a response to Plaintiff's motion.

On the basis of good cause, Defendants have fifteen days from the date of service of this order to file a response to Plaintiff's motion.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's motion for contempt of court and sanctions is DENIED; and
2. Defendants' motion for an extension of time is GRANTED, and Defendants have fifteen (15) days from the date of service of this order to file a response to Plaintiff's motion.

IT IS SO ORDERED.

Dated:   **October 29, 2015**

UNITED STATES MAGISTRATE JUDGE