UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIDURRIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01896-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT OF COURT AND SANCTIONS<br><br>[ECF No. 35] |

　　　　Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 15, 2015, Plaintiff filed a motion for contempt of court and sanctions. (ECF No. 35.) Defendants filed an opposition on November 13, 2015, and Plaintiff filed a reply on December 10, 2015. (ECF Nos. 45, 52.)

**I.**

**DISCUSSION**

**A.　　Complaint Allegations**

　　　　This action is proceeding against Defendants Martinez and Vidaurri for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff alleges that on May 2, 2014, he was scheduled to attend an out-of-prison medical appointment related to a "black spot" on his lung. Prior to the appointment, Defendant Vidaurri asked Plaintiff "can you go up and down the stairs

to the van?" Plaintiff responded "no" and Vidaurri responded, "If you cannot go up and down the stairs to the van, I'm not taking you to your appointment…" As a result, Plaintiff did not go to his scheduled medical appointment on May 2, 2014. Later in the month of May, Plaintiff began having breathing problems and was taken to the main hospital for emergency breathing treatment. Dr. Alphonso told Plaintiff that if he had not refused his prior outside medical appointment, he would not be experiencing the breathing problems.

On that same day, May 2, 2014, Plaintiff filed an inmate appeal. On May 12, 2014, Sergeant Martinez called Plaintiff to the program office for an interview regarding the inmate appeal relating to the actions of officer Vidaurri. Martinez told Plaintiff he was not going to do anything to officer Vidaurri and asked Plaintiff to drop the inmate appeal. Plaintiff told him he was not going to drop the inmate appeal against Vidaurri.

On May 22, 2014, Plaintiff was transferred to the California Medical Facility ("CMF") in Vacaville. When Plaintiff arrived at CMF, he put in medical forms because he was having difficulty breathing. Plaintiff was examined by Dr. Bick and was placed on breathing treatments three times a day and requires the use of three different inhalers. Plaintiff was also sent to an outside facility to examine the black spot on his lung and was prescribed pain medication. Dr. Bick informed Plaintiff that he would be experiencing the problems if he had previously been sent to an outside medical examination.

**B.   Federal Rule of Civil Procedure 11 Sanctions**

Defense counsel submits that approximately six months after the complaint was filed, he obtained Plaintiff's medical records related to the allegations set forth in the complaint. (See ECF No. 35 at 22.) Plaintiff opposes such action by way of filing a motion for contempt of court and sanctions. Attached to Plaintiff's motion is a receipt for copy of health records issued by the California Correctional Health Care Services. (Id.) The receipt is dated April 17, 2015, and indicates that the Office of the Attorney General is to receive Plaintiff's unit health record, including "All Medical," but not records related to HIV/Aids tests, Alcohol/drug abuse, dental care, or any mental health services." (Id.)

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. A party moving for Rule 11 sanctions bear the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Before filing a motion for sanctions with the court, however, the party must first serve it on the opposing party and allow the opposing party a "safe harbor" of 21 days in which to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003). The safe harbor provision is mandatory. Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1152 (9th Cir. 2002). A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions. Holgate v. Baldwin, 425 F.3d 671, 678-679 (9th Cir. 2005).

In this instance, Rule 11 sanctions are not warranted. Defendants have not filed any pleadings which are "baseless." Furthermore, Plaintiff did not comply with the safe harbor provision of Rule 11. The certificate of service accompanying his motion for sanctions is dated October 10, 2015. (ECF No. 35, at 31.) The motion was filed on October 15, 2015. (ECF No. 35). Accordingly, Plaintiff's motion for Rule 11 sanctions must be DENIED, both as procedurally defective and for lack of merit.

**C.     Contempt of Court**

Federal Rule of Civil Procedure 37 provides for civil contempt instead of, or in additional to, other sanctions. Fed. R. Civ. P. 37(b)(2)(D). The sanction of civil contempt is characterized by the court's desire to compel "a party's [] obedience to a specific and definite court order [after the party has] fail[ed] to take all reasonable steps within the party's power to comply." Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993); Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). Thus, "[c]ivil contempt sanctions … are employed for two purposes: to coerce

the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 517 (1992).

In this instance, a civil contempt finding is not warranted because no "specific or definite" order of the Court has been violated. Here, the California Attorney General's office has obtained a copy of Plaintiff's relevant medical documents to defend against the claims raised by Plaintiff in his complaint, and as defense counsel submits, Plaintiff's medical records have not been disclosed to any third party. The California Attorney General is the "chief law officer of the state." Cal. Const., Art. 5, § 13. "The Attorney General has charge, as attorney, of all legal matters in which the state is interested…" Cal. Gov't. Code § 12511. The State owes a mandatory duty of indemnity for public employees. Cal. Gov't. Code § 825. Disclosure of Plaintiff's medical records was provided to the Office of the Attorney General, which is entirely proper to defend against Plaintiff's medical claim. Accordingly, there is simply no basis for a civil contempt finding and Plaintiff's motion must be DENIED.

### D. Constitutional and Civil Rights Violations

Plaintiff seeks to an order imposing sanctions on counsel for Defendant because of his, in Plaintiff's view, unauthorized access to his prison medical file. Plaintiff contends that Defendant's use of his prison medical record violates his Fourth Amendment expectation of privacy and the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, et. seq. (HIPAA). By filing a complaint for monetary damages, Plaintiff has put his medical condition at issue.

Regarding Plaintiff's HIPAA argument, Plaintiff is advised that federal courts have found that HIPAA created no private right of action. <u>U.S. v. Streich</u>, 560 F.3d 926 (9th Cir. 2009) ("HIPAA does not provide any private right of action."); <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides no right of action."); <u>University of Colorado Hosp. v. Denver Publ'g Co.</u>, 350 F.Supp.2d 1142, 1145 (D. Colo. 2004) (holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy). Put another way, only the government can bring a claim against a medical provider for violation of HIPAA.

Regarding Plaintiff's Fourth Amendment claim, the Ninth Circuit has held that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them. Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010). Because Defendants have been sued for money damages for medical indifference toward Plaintiff, the penological interest in access to Plaintiff's prison medical records is substantial. Plaintiff does not, therefore, have an expectation of privacy in his prison medical records.

## II.
## CONCLUSION AND ORDER

Because Plaintiff voluntarily filed this lawsuit and placed his medical condition at issue, he parted with the typical privacy entitlement he may otherwise maintain. Because it was reasonable for Defendants to obtain Plaintiff's relevant medical records, Plaintiff's motion for contempt of court and sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **December 14, 2015**

UNITED STATES MAGISTRATE JUDGE