# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIDURRIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01896-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S DECEMBER 14, 2015, ORDER DENYING MOTION FOR CONTEMPT OF COURT AND SANCTIONS<br><br>[ECF No. 59] |

Plaintiff Tyrone Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for reconsideration, filed January 15, 2016. Plaintiff seeks reconsideration pursuant to Local Rule 230(j) of the Court's December 14, 2015, order denying his motion for contempt of court and sanctions.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Further, in seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion."

Plaintiff does not raise any new facts, circumstances, or change in the law in his motion which would warrant reconsideration of the Court's December 14, 2015 order. Plaintiff essentially rehashes arguments raised in his prior motion which the Court has already reviewed, considered, and ruled upon and Plaintiff's mere disagreement with the Court's ruling and application of the law is not a valid basis for reconsideration. As stated in the Court's December 14, 2015, order Plaintiff does not have a

constitutionally protected expectation of privacy in prison treatment records, when as here, the State has a legitimate penological interest in access to them.  (ECF No. 53, Order at 5.)  Plaintiff has not shown clear error or other meritorious grounds for relief.  Accordingly, Plaintiff's motion for reconsideration of the Court's December 14, 2015, order is DENIED.

IT IS SO ORDERED.

Dated: **January 20, 2016**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE