UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TYRONE THOMPSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VIDURRIA AND MARTINEZ,**<br><br>**Defendants.** | 1:14-cv-1896-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 90)** |

  Plaintiff Tyrone Thompson, a state inmate proceeding pro se and in forma pauperis, moves under Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's order adopting in full the Magistrate Judge's Findings & Recommendations ("F&Rs") and granting Defendants' motion for summary judgment.

  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

  Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to

the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

The Court has reviewed the relevant record, the F&Rs, Plaintiff's objections to the F&Rs, and Plaintiff's Rule 60(b) motion. Plaintiff has not provided any ground that would justify reconsideration of the Court's summary judgment order. The basis for Plaintiff's motion for reconsideration is two-fold. First, he claims the Court erred in construing his complaint as alleging that he requires a wheelchair accessible van, when he made no such allegation, and only alleged that he is medically unable to use stairs. Doc. 90 at 4. Plaintiff's assertion is effectively belied by the allegation in his complaint that Defendant Vidurria violated his Eighth Amendment right to medical treatment by refusing to obtain a wheelchair accessible van to take Plaintiff to a medical appointment. *See* Doc. 1 at 7-8. Further, as the Court explained, the evidence in the record did not support Plaintiff's contention that he required a wheelchair accessible van. *See* Doc. 81 at 6. In any event, as the Court also explained, Plaintiff did not suffer any injury as a result of missing a medical appointment when he refused to use a non-wheelchair accessible van to be transported to the appointment. *Id.* at 7-8.

The second basis for Plaintiff's motion for reconsideration is that the Court erred in stating that Dr. Bick was Plaintiff's primary care physician, when it was Dr. Ko at all relevant times. Doc. 90 at 5-6. Even assuming this is true, it has no bearing on the Court's analysis or the outcome of this case.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **February 3, 2017**          /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE